JUDGE FAILLA

15 CV 03959

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTHONY BUSH,

**COMPLAINT**

                              Plaintiff,

            - against -

**PLAINTIFF DEMANDS
TRIAL BY JURY ON
ALL ISSUES**

CITY OF NEW YORK,
POLICE SERGEANT KANDOU WERLEY,
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-2,

RECEIVED
MAY 22 2015
U.S.D.C. S.D. N.Y.
CASHIERS

                              Defendants.
------------------------------------------------------------------X

Plaintiff, **ANTHONY BUSH**, by his attorneys, NASS & ROPER LAW LLP,

complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.  This is a civil rights action in which Plaintiff, **ANTHONY BUSH**, seeks damages to

    redress the deprivation, under color of state law, of rights secured to him under the

    Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

    On or about July 25th, 2014, at approximately 5:00 p.m., Plaintiff was at the 40th

    Police precinct when Defendants violently assaulted him.  Plaintiff was assaulted by

    Defendants including, but not limited to, **CITY OF NEW YORK, POLICE**

    **SERGEANT KANDOU WERLEY and POLICE OFFICER JOHN/JANE**

    **DOE(S) #'S 1-2.** It is alleged that Defendants used excessive force in effectuating

    his arrest.  As a result of the excessive force used by Defendants, Plaintiff suffered

    severe physical and mental injuries.

## II. JURISDICTION

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which

    provides for original jurisdiction in this court of all suits brought pursuant to 42

1

U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3.  Plaintiff, **ANTHONY BUSH**, at all times relevant hereto, resided at 773 Drew Street, Brooklyn, NY 11208.

4.  Defendant, **CITY OF NEW YORK** (hereinafter "CITY"), is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.  Defendant, **POLICE SERGEANT KANDOU WERLEY**, (SHIELD: 5477) (hereinafter "OFFICER WERLEY") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

6.  Defendants, **POLICE OFFICER JOHN/JANE DOE(S) #'s 1-2**, were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

7.  At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

2

8.   On or about July 25th, 2014, at approximately 5:00 p.m.., Plaintiff, **ANTHONY BUSH**, was arrested and brought to the 40th Police Precinct at 257 Alexander Ave, Bronx, NY 10454.

9.   While at the precinct, Plaintiff was placed in a bathroom in handcuffs to be searched.

10.  Defendants searched Plaintiff and found a small bag of narcotics.

11.  After finding the bag, Defendants struck Plaintiff in the face while he was still handcuffed causing injury.

12.  Defendants then removed Plaintiff's handcuffs and Plaintiff spit blood onto the floor.

13.  Defendants struck Plaintiff in the face multiple times causing further injury.

14.  Plaintiff was placed back in a holding cell and request medical attention numerous times but was denied.

15.  Plaintiff would eventually be brought to Court and would plead guilty to possession of a controlled substance.

16.  After being released from Court, Plaintiff went to Lincoln Hospital for medical treatment.

17.  That on or around the 27th day of August, 2014, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

18.  That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

19.  Paragraphs 1 through 18 are hereby re-alleged and incorporated by reference herein.

20.  That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

21.  That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

22.  That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

23.  That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

24.  That Plaintiff was not actively resisting arrest or attempting to evade arrest.

25.  That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

26.  That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

27.  That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his

rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

28.    That Defendants, **CITY OF NEW YORK, POLICE SERGEANT KANDOU WERLEY and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-2,** are liable for preventable harm to Plaintiffs because they knew excessive force was being used; they knew a Constitutional violation had been committed through the use of that force; and Defendants had a reasonable opportunity to intervene and prevent the harm from occurring and failed to do so.

29.    That upon information and belief, in 2014, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

30.    That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

31.    That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

32.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

5

33.     By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

34.     Paragraphs 1 through 33 are hereby re-alleged and incorporated by reference herein.

35.     That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

36.     That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

37.     That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

38.     That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

39.     That Plaintiff was not actively resisting arrest or attempting to evade arrest.

40.     That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

41.     That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York

42.     By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VII. <u>THIRD CAUSE OF ACTION</u>
### Pursuant to State Law (ASSAULT and BATTERY)

43.    Paragraphs 1 through 43 are hereby re-alleged and incorporated by reference herein.

44.    That Defendants intended to cause harmful bodily contact to Plaintiff.

45.    That Defendants, in a hostile manner, voluntarily caused Plaintiff's injuries.

46.    That Defendants' contact with Plaintiff constituted a battery in violation of the laws
       of the State of New York.

47.    That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries,
       emotional injuries, economic injury, trauma, humiliation, terror, damage to
       reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. <u>FOURTH CAUSE OF ACTION</u>
### Pursuant to State Law (INTENTIONAL INFLICTION
### OF EMOTIONAL DISTRESS)

48.    Paragraphs 1 through 47 are hereby re-alleged and incorporated by reference herein.

49.    That as a result of the aforementioned incidents intentionally caused by Defendants,
       Plaintiff, **ANTHONY BUSH**, suffered severe emotional and/or mental distress.

50.    That as a result of the aforementioned extreme and outrageous conduct intentionally
       inflicted by Defendants, Plaintiff suffered severe emotional and/or mental distress,
       including but not limited to emotional overlay, depression, stress, anxiety,
       humiliation, embarrassment and tension, serious permanent personal injuries of mind
       as well as special damages and loss and/or diminution in his enjoyment of life, all of
       which are permanent in nature.

## IX. <u>FIFTH CAUSE OF ACTION</u>
### Pursuant to State Law (RESPONDEAT SUPERIOR)

51.    Paragraphs 1 through 50 are hereby re-alleged and incorporated by reference herein.

52.   That at all times, all Defendants were acting within the scope of their employment.

53.   That Defendant CITY was able to exercise control over Defendant Officers' activities.

54.   That Defendant CITY is liable for Defendant Officers' actions under the doctrine of *respondeat superior.*

55.   By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1.   Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2.   Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3.   Awarding Plaintiff interest from July 25th, 2014; and

4.   Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5.   Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
       May 21, 2015

8

Yours, etc.

JUSTIN M. ROPER, ESQ.
*ATTORNEY FOR PLAINTIFF*
NASS & ROPER LAW LLP

9

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW LLP, attorneys for Plaintiff, ANTHONY BUSH. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:   New York, New York
May 21, 2015

JUSTIN M. ROPER, ESQ.

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY BUSH,

Plaintiff,

– against –

CITY OF NEW YORK, ET AL.

Defendants.

## COMPLAINT

**NASS & ROPER LAW LLP**
*Attorneys for Plaintiff*
**ANTHONY BUSH**
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246*

---

* Not for service of papers.